IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Petitioner,<br><br>vs.<br><br>BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION - INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Respondent. | 8:24CV13<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |

This matter is before the Court on Brotherhood of Maintenance of Way Employes Division of the International Brotherhood of Teamsters' (BMWED's) Motion for Attorneys' Fees and Costs. Filing 42. The Motion is unopposed by Respondent Union Pacific Railroad Company (UP). Filing 44. For the reasons stated below, the motion is granted.

## I.   BACKGROUND

On January 12, 2024, UP filed its Petition to Vacate Arbitration Awards. Filing 1. On March 1, 2024, BMWED filed its Answer to Petition to Vacate Arbitration Awards and Counter-Petition to Enforce Arbitration Awards. Filing 15. In accordance with the Progression Order, Filing 21 at 1, both parties filed Motions for Summary Judgment on July 26, 2024. Filing 27, Filing 30.

On November 8, 2024, this Court granted summary judgment in favor of BMWED and denied Union Pacific's motion in its entirety. Filing 41. This Court found that UP failed to offer any ground for setting aside the Arbitration Awards. Filing 41 at 32. Pursuant to the Railway Labor Act (RLA), 45 U.S.C. § 153, First (p), BMWED moved for attorneys' fees and costs on December 9, 2024. Filing 42.

1

BMWED requests an award of $34,055 in attorneys' fees and $398 in costs incurred. Filing 42. In support of this request, BMWED submitted a declaration by attorney Pamela M. Newport, an exhibit showing in chronological order the time spent by BMWED's two attorneys on this matter, and an exhibit representing the Laffey Matrix.[1] Filing 43-1, Filing 43-2, Filing 43-3. Pamela Newport declares that she and Rachel Rekowski, attorneys at Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC, spent 108.5 hours working on the matter. Filing 43-1 at 2. Specifically, BMWED seeks 30.1 hours at an hourly rate of $350 for Pamela Newport's time and 78.4 hours at $300 for Rachel Rekowski's time. Id. Union Pacific has not challenged the amount of the requested fees or costs. Filing 44.

## II. ANALYSIS

### A. BMWED Is Entitled to Reasonable Attorney Fees and Costs Pursuant to the RLA

The RLA states, "If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee." 45 U.S.C. § 153, First (p). The Eighth Circuit Court of Appeals has held that an award of attorneys' fees is proper under the "mandatory" language of the statute when the district court rules in favor of the party seeking enforcement of the arbitration award. *Union Pac. R. Co. v. United Transp. Union*, 23 F.3d 1397, 1400 n.2 (8th Cir. 1994). As set forth above, BMWED prevailed on its claim for enforcement of the Arbitration Awards, Filing 41 at 34, so it is entitled to reasonable attorney's fees and costs. *Union Pac. R. Co.*, 23 F.3d at 1400 n.2.

---

[1] The Laffey Matrix is a tool for determining market rates that some courts have adopted. The Court does not adopt it here.

### B.  The Attorney Fees Claimed Are Reasonable

When determining the amount of an attorneys' fee award, district courts begin with the lodestar calculation, which is "calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001)).

This court has previously adjusted fee awards downward where the hourly rate exceeded typical rates in the regional market. *See*, *e.g.*, *Beran v. VSL N. Platte LLC*, 2023 WL 6883630 (D. Neb. Oct. 18, 2023). For example, this court recently reduced an hourly rate of $350 to $300 in Omaha, Nebraska, as $350 was "at the top of the regional legal market for the kind of work involved." *Id.* at *5.

However, courts will allow "an appropriate premium over the otherwise top rates in [a given] market for special skill and experience." *Benson v. City of Lincoln*, No. 4:18CV3127, 2024 WL 2155139, at *15 (D. Neb. May 13, 2024). In *Benson*, this court approved an hourly rate of $400 after balancing the top rates in the Omaha market against the attorney's claimed rate, experience, and reputation, and the nature of the case. *Id.*

In this Court's view, labor law under the RLA is a sufficiently specialized field of practice to justify the rates of $300 and $350 requested in this case. These rates conform to what this court has considered reasonable in preceding cases involving labor disputes under the RLA. *See Union Pac. R.R. Co. v. Int'l Ass'n of Sheet Metal, Air, Rail, & Transportation Workers - Transportation*

3

*Div.*, No. 8:19-CV-31, 2020 WL 42475, at *1 (D. Neb. Jan. 3, 2020) (holding an hourly rate of $300 was reasonable in a dispute regarding arbitration awards under the RLA).

After applying the lodestar calculation, a court "may [then] consider other factors to 'adjust the fee upward or downward.'" *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 712 (8th Cir. 2021) (quoting *Smith v. AS Am., Inc.*, 829 F.3d 616, 623 (8th Cir. 2016), in turn quoting *Marez v. Saint-Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012)). An important factor for evaluating fee awards is "results obtained." *Dindinger*, 853 F.3d 414, 429. In addition, courts "should generally evaluate 'the ultimate reasonableness of the award . . . by considering relevant factors from the twelve factors listed in *Johnson* [*v. Georgia Exp., Inc.*].'" *League of Women Voters of Missouri v. Ashcroft*, 5 F.4th 937, 941 (8th Cir. 2021) (quoting *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018)).[2] This court concludes none of these factors need further discussion.

As set forth above, BMWED prevailed in this matter and is accordingly entitled to a reasonable attorney's fee. The Court finds that the fee award sought, for the legal work done, is reasonable. Having reviewed BMWED's motion and accompanying brief and documentation, the Court concludes BMWED's motion for costs and attorney fees should be granted.

### III. CONCLUSION

Upon the foregoing,

---

[2] The twelve "*Johnson*" factors to determine a reasonable attorney fee are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

IT IS ORDERED that BMWED's Motion for Attorneys' Fees and Costs, Filing 42, is granted as follows:

1. BMWED shall recover from UP the sum of $34,055 for attorneys' fees; and

2. BMWED shall recover from UP the sum of $398 for costs.

Dated this 24th day of March, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge